Steven L. Taggart, Esq., ISB No. 8551
**OLSEN TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart@olsentaggart.com

*Attorney for Defendants Kano Labs LLC and Kendon Howard*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTURIA S.R.L., an Italian industrial company,<br><br>　　　　　Plaintiff,<br>vs.<br><br>KANO LABS LLC, an Idaho limited liability company, and KENDON HOWARD, and individual,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00428-DKG<br><br>**MOTION TO DISMISS FOR *FORUM NON CONVENIENS*** |

COME NOW Defendants Kano Labs LLC and Kendon Howard (jointly "Defendants") and move the Court, under the doctrine of *forum non conveniens*, pursuant to a binding provision in the applicable Operating Agreement that specifies Idaho state courts, in particular in Bonneville County, are the agreed forum to resolve litigation. Such is justified for the following reasons:

## INTRODUCTION

This case involved a limited liability company in Idaho Falls, located in Bonneville County. The Plaintiff was and is a member of that company and is suing the other member and the Manager on various claims related to the LLC.

The applicable Operating Agreement specifies that state court, not federal court, is the Court with jurisdiction to hear such disputes. And, venue is required to be Bonneville County. Accordingly, the Court should invoke the doctrine of *forum non conveniens* and dismiss the case.

## FACTUAL BACKGROUND

1. Defendant Kendon Howard was the Manager and Plaintiff Centuria S.R.L ("Centuria") and Defendant Kano Labs LLC were the Members of Sensor Medica USA, LLC.

2. Sensor Medica USA, LLC was and is an Idaho limited liability company. *Complaint and Demand for Jury Trial* ("Complaint"), Exh. 2, pg. 3, Preamble and ¶ 1.1.

3. On September 13, 2024, Centuria filed the Complaint in this Court against Defendants, predicated on original jurisdiction (foreign country entity and citizens of Idaho) under 28 U.S.C. § 1332 and venue pursuant to 28 U.S.C. § 1391(b)(1). Complaint, ¶¶ 5-6.

4. The Complaint asserts against Defendants, in their role as Member (Kano Labs, LLC) and Manager (Kendon Howard), an alleged breach of fiduciary duty (First Cause of Action), breach of contract (Second Cause of Action), Civil Conversion of Assets (Third Cause of Action), and constructive fraud (Fourth Cause of Action). *See* Complaint, *generally.*

5. The applicable Operating Agreement for Sensor Medica USA, LLC is attached as Exhibit 2 to the Complaint and provides:

> 9.3 **Governing Law, Jurisdiction and Venue.** This Agreement will be construed and interpreted in accordance with the laws of the State of Idaho. <u>The parties agree that the courts of Idaho shall have exclusive jurisdiction and agree that Bonneville County is the proper venue.</u>

Complaint, Exh. 2, pg. 14, ¶ 9.3 (emphasis added).

6. The Parties have previously attempted, unsuccessfully, to mediate, consistent Paragraph 9.1 of the relevant Operating Agreement. *Id.,* pg. 14, ¶ 9.1.

## POINTS & AUTHORITIES

**I. The Court should dismiss this action under the doctrine of *forum non conveniens,* allowing this matter to be heard by the appropriate state court.**

In Idaho, limited liability company operating agreements are contracts. *Lamprecht v. Jordan, LLC*, 139 Idaho 182, 186, 75 P.3d 743, 747 (2003). The Operating Agreement for Sensor Medica USA, LLC is binding on its Manager and Members. Complaint, Exh. 2, pg. 3, Preamble.

And, as noted above, this Operating Agreement provides that "the courts of Idaho shall have exclusive jurisdiction and agree that Bonneville County is the property venue." Complaint, Exh. 2, pg. 14, ¶ 9.3. That means the Idaho State Courts for the Seventh Judicial District, located in Bonneville County, Idaho are where any action should be brought involving the members, manager and their relationship with Sensor Medica USA, LLC.

Yet, the Plaintiff chose to file this action in the Federal Court for the District of Idaho, disregarding the clear direction of the applicable Operating Agreement.

Thus, the Defendants now ask this Court to apply the doctrine of *forum non conveniens* and dismiss this action. Dismissal is appropriate if the doctrine applies. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429, 127 S. Ct. 1184, 1190, 167 L. Ed. 2d 15 (2007).

If the forum selection clause here pointed to another federal court, then this Court could use 28 U.S.C. § 1404(a) to transfer to that other federal court. But, for the "set of

cases, calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* "has continued application in federal courts.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60–61, 134 S. Ct. 568, 580, 187 L. Ed. 2d 487 (2013) quoting *Sinochem*, 549 U.S. at 430.

Overall, a forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Id.,* 571 U.S. at 59-60, 134 S. Ct. at 579 quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)(KENNEDY, J., concurring).

The following factors are applicable to *forum non conveniens* analysis[1]. The first factor is that "the plaintiff's choice of forum merits no weight . . when a plaintiff agrees by contract to bring suit only in a specified forum . . . the plaintiff has effectively exercised its 'venue privilege' before a dispute arises". 571 U.S. at 63, 134 S. Ct. at 581. And, second, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." 571 U.S. at 64, 134 S. Ct. at 582. A narrow range of public interest factors[2] may apply.

Applying those factors here, it is clear that the applicable Operating Agreement is very specific in requiring that the "courts of Idaho" in "Bonneville County" have exclusive jurisdiction and venue. Complaint, Exh. 2, pg. 14, ¶ 9.3. Thus, Centuria's choice of this

---

[1] "[B]ecause both § 1404(a) and the forum non conveniens doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id*. at 61, 134 S.Ct. at 568.

[2] *Id.,* fn. 6 (citations omitted).

Court has no weight. And, Centuria may not challenge Bonneville County as inconvenient or less convenient as that is its own private interest.

That leaves the public interest factors, which include:

> (1) the administrative difficulties flowing from court congestion; (2) the "local interest in having localized controversies decided at home"; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Kyani, Inc. v. Jordan*, No. 4:17-CV-00251-SAB, 2017 WL 11458072, at *7 (D. Idaho Aug. 3, 2017) citing and paraphrasing *Atl. Marine,* fn. 6.

None of these are a factor here. It is difficult to discern what issue court congestion would occur if Bonneville County, Idaho's fourth largest, were to handle this matter. As Sensor Medica USA, LLC was located in Idaho Falls, in Bonneville County (Complaint, pg. 3, ¶ 1.4), that would be a local interest decided at home. As Idaho law is the applicable law, Idaho courts are certainly prepared to handle such. And, no conflict of laws would be in play as this Court would apply Idaho law as would the State Court in Bonneville County. Moreover, given Bonneville County's direct tie, there is no unfairness for a called jury being forced out of area. The public factors don't justify this Court retaining this matter.

WHEREFORE, this Court should dismiss this action.

DATED:     October 15, 2024

OLSEN TAGGART PLLC


*/s/ Steven L. Taggart, Esq.*
Steven L. Taggart

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2024, I filed a copy of the foregoing pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Matthew T. Christensen (Designation Retained) on behalf of Plaintiff Centuria S.R.L.

And as otherwise reflected on the Court's Notice of Electronic filing.

*/s/ Rosalie Parson*
Rosalie Parson
Legal Assistant