UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTURIA S.R.L., an Italian industrial company,<br><br>    Plaintiff,<br><br>  v.<br><br>KANO LABS LLC, an Idaho limited liability company, and KENDON HOWARD, an individual,<br><br>    Defendants. | Case No. 1:24-cv-00428-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Defendants Kano Labs LLC and Kendon Howard's Motion to Dismiss for Forum Non Conveniens (Dkt. 6). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court grants Defendants' motion.

### I. BACKGROUND

  Plaintiff Centuria S.R.L. ("Plaintiff") is an Italian industrial company whose main business is to "buy, manage, and sell other companies" (Dkt. 1 at ¶ 9). Sensor Medica S.R.L. ("Sensor Medica") is an Italian industry company in the business of developing, manufacturing, and selling medical devices for "biomechanics and posture," "CNC milling machines," and "3D printers for

the production of orthotics" (*id.* at ¶ 7). Sensor Medica, USA LLC ("Sensor Medica USA") is an affiliate of Sensor Medica and was formed "with the purpose of introducing Sensor Medica's products to the United States market" (*id.* at ¶ 14). Defendant Kano Labs, LLC ("Kano Labs") is a company incorporated under the laws of Idaho (*id.* at ¶¶ 12-13). Defendant Kendon Howard is Kano Lab's sole owner (*id.*).

On or about January 23, 2018, Kano Labs signed an operating agreement designating Kano Labs, Sensor Medica, and KHKH Venture LLC as members of Sensor Medica USA, and designating Howard as Sensor Medica USA's manager (*id.* at ¶ 15). On or about December 27, 2019, the parties signed a second operating agreement (*id.* at ¶ 16). The first and second operating agreements ("Operating Agreements") contain identical clauses under Article 9, Section 3, which states—

> **Governing Law, Jurisdiction and Venue**. This Agreement will be construed and interpreted in accordance with the laws of the State of Idaho. The parties agree that the courts of Idaho shall have exclusive jurisdiction and agree that Bonneville County is the proper venue.

(Dkt. 1, Ex. 1 at 14).

Plaintiff alleges that, beginning in 2019, Kano Labs and/or Howard ("Defendants") failed to timely and fully pay for orders and mishandled Sensor Medica's finances (*id.* at ¶¶ 18-39). Plaintiff and Defendants attest the parties previously attempted to mediate the disagreement, but mediation was unsuccessful (Dkt. 6 at 3; Dkt. 10 at 3).

On September 13, 2024, Plaintiff filed a complaint in this Court (Dkt. 1). Plaintiff asserts multiple claims against Defendants, including breach of fiduciary duty; breach of contract; civil conversion of assets; and constructive fraud (*id.* at ¶¶ 40-77). In response, Defendants timely filed

a motion to dismiss for forum non conveniens (Dkt. 6). Defendants argue that a forum selection clause in Section 9.3 of the Operating Agreements applies to this case, so Plaintiff may only bring its complaint in Idaho state court in Bonneville County (*id.*).

## II.    LEGAL STANDARD

Where a forum-selection clause points to a state or foreign forum, the doctrine of forum non conveniens applies. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60-61 (2013). Unlike a motion under 28 U.S.C. § 1404(a) addressing transfers within the federal court system, the doctrine of forum non conveniens requires a court to dismiss the case if the parties agreed to a valid forum-selection clause. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018).

A court first considers the enforceability of the forum selection clause. *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 913 (9th Cir. 2019). Generally, a district court will enforce the forum selection clause unless an "exceptional reason" or "extraordinary circumstance" justifies a departure from the preselected forum. *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The plaintiff opposing transfer or dismissal has the burden of showing "(1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun*, 901 F.3d at 1087 (quoting *Bremen*, 407 U.S. at 15); *see, e.g., Gemini Techs., Inc.*, 931 F.3d at 914 (explaining *Bremen's* public policy factor weighed against the enforceability of the parties' forum selection clause). Unless the forum selection clause is invalid, a district court "should not consider

arguments about parties' private interests." *Gemini Techs., Inc.*, 931 F.3d at 913 (quoting *Atl. Marine*, 571 U.S. at 63-64).

Where a forum selection clause *is not* enforceable, courts apply the traditional forum non conveniens analysis. *Jimenez v. HemaTerra Techs.*, LLC, No. 4:22-CV-00467-BLW, 2023 WL 2354754, at *3 (D. Idaho Mar. 3, 2023) (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). This "traditional" analysis considers whether an adequate alternative forum exists, and whether the balance of private and public interest factors favors dismissal. *Id.* When weighing the private interests of parties as to the preselected forum, a court must consider the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Yei A. Sun*, 901 F.3d at 1087-88 (quoting *Atl. Marine*, 571 U.S. at 64). A court may also consider certain public interest factors, such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 1088 (quoting *Atl. Marine*, 571 U.S. at 64). However, "those factors will rarely defeat a transfer motion." *Id.*

### III.   ANALYSIS

The parties disagree over whether the forum selection clause in the Operating Agreements applies to the instant case and whether public and private factors justify dismissal of the case under the forum non conveniens doctrine.

A.  **Scope of Forum Selection Clause**

The parties have competing interpretations of the forum selection clause at Section 9.3 of the Operating Agreements (Dkt. 6; Dkt. 10). Defendants emphasize the reference to "courts of Idaho" and "Bonneville County" and interpret the clause as requiring Plaintiff to bring this action in the Idaho State Courts for the Seventh Judicial District, located in Bonneville County, Idaho (Dkt. 6 at 3). In response, Plaintiff argues that the contract has "no requirement that the state courts located in Idaho have exclusive jurisdiction—only that the courts located in Idaho (specifically, Bonneville County) have jurisdiction" (Dkt. 10 at 5). According to Plaintiff, since the U.S. District Court for the District of Idaho is a court "of and for Idaho," this Court is not an improper forum (*id.*).

A court applies federal contract law to interpret the scope of a forum-selection clause. *Yei A. Sun*, 901 F.3d at 1086 ("In interpreting a forum-selection clause under federal law, we look for guidance to general principles for interpreting contracts.") (cleaned up), *holding modified by Lee v. Fisher*, 70 F.4th 1129 (9th Cir. 2023). Under federal law, an exclusive designation clause (such as a clause stating "venue . . . shall be deemed to be in" one county) implies a waiver of alternative federal forums. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (finding the text "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" to represent the parties' intent that venue "lies exclusively in the designated county," not in federal district court).

Here, Section 9.3 provides that "the courts of Idaho shall have exclusive jurisdiction," and "that *Bonneville County is the proper venue*," (Dkt. 1, Ex. 1 at 14). Section 9.3 did more than list which court had jurisdiction; it specified Bonneville County as venue with "mandatory language."

*See Docksider, Ltd.*, 875 F.2d at 764 ("The prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced."). Because Section 9.3 mandates Bonneville County as the appropriate venue, the forum selection clause shows the parties intended trial to take place at the only courthouse in the designated venue—a state courthouse.

Plaintiff's alternative arguments on the scope of Section 9.3 are unpersuasive. Plaintiff argues that the forum selection clause "specifically applies to interpretation and construction of the agreement," so the clause does not apply to Plaintiff's "issues of breach" or "non-contract claims" in its complaint (Dkt. 10 at 4, 5-6). Plaintiff provides no convincing authority for this argument.

A "forum-selection clause[] covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *Yei A. Sun*, 901 F.3d at 1086 (internal citations omitted). "The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract." *Id*. (internal citations omitted). Early in its brief, Plaintiff states the question of whether the Operating Agreement is binding on the parties is "one of the primary reasons for bringing the Complaint in the first place," (Dkt. 10 at 4). While perhaps inadvertent, Plaintiff's concession suggests its complaint does "relate to the contract." *Yei A. Sun*, 901 F.3d at 1086. Even if Plaintiff raises "non-contract" claims—such as breach of fiduciary duty, conversion, and fraud—they need not "grow out of the contract" to relate to the contract. *See id.* The record indicates these claims are sufficiently related to the Operating Agreements, so Section 9.3 applies. Accordingly, the Court finds the scope of Section 9.3's forum selection clause applies to the instant case.

B.  **Enforceability of Forum Selection Clause**

Defendants argue that only a "narrow range of public interest factors" may excuse a forum-selection clause, and none apply here (Dkt. 6 at 4-5). In response, Plaintiff argues that "Defendants bear the burden of demonstrating an adequate alternative forum exists and that the balance of private and public interest factors favor dismissal." (Dkt. 10 at 3) (citing *Ceramic Corp. of America v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993)). Plaintiff then recites the "private or public interest factors" and argues none is at issue here (Dkt. 10 at 6-7). Plaintiff asserts that "[as] a result of a lack of strong public or private interest at play in the choice of venue, this Court should give significant deference to Plaintiff's choice of forum" (*id*. at 7).

Confusion is common when applying the forum non-conveniens doctrine to a forum selection clause, and this case is a fair example. *See* Simona Grossi, *Forum Non Conveniens As A Jurisdictional Doctrine*, 75 U. Pitt. L. Rev. 1, 23 (2013). Here, the first question is not what "private" or "public" interest factors apply—it is whether the forum selection clause is enforceable. *Jimenez*, 2023 WL 2354754, at *3 ("[I]f the forum selection clause is enforceable, then courts apply a modified forum non conveniens analysis."). Plaintiff, however, does not address the enforceability of Section 9.3's forum selection clause. When a party opposes transfer, it may argue a clause is non-enforceable because it violates public policy. *See, e.g.*, *Gemini Tech.*, 931 F.3d at 916 (finding the public policy of Idaho suggests an otherwise enforceable forum selection clause is invalidated when it mandates a foreign forum). But here, Plaintiff submits no argument on enforceability. Instead, Plaintiff argues the Section 9.3's text (conferring jurisdiction to "courts of Idaho") does not preclude it from bringing this case in this Court. Because the Court finds this

MEMORANDUM DECISION AND ORDER - 7

argument is unpersuasive and Plaintiff makes no other arguments challenging the enforceability of Section 9.3, Section 9.3 is a valid forum selection clause.

The next question is whether Plaintiff has met its burden of establishing that transfer is unwarranted. *Gemini Techs,* 931 F.3d at 913 (citing *Atl. Marine*, 571 U.S. at 63-64). While Plaintiff cites *Ceramic Corp.* to argue Defendants have the burden to show an adequate alternative forum exists, this rule applies only in the context of a traditional forum non conveniens analysis. *Ceramic Corp.*, 1 F.3d at 950. "Unlike the situation where there is no forum-selection clause," Plaintiff has agreed to a valid forum selection clause. *See Yei A. Sun*, 901 F.3d at 1087 (citing *Atl. Marine*, 571 U.S. at 64). Therefore, Plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.*

Plaintiff does not argue whether its case involves any "exceptional factors" or "extraordinary circumstances" that justify ignoring a valid forum selection clause. *See Atl. Marine,* 571 U.S. at 62. For example, Plaintiff does not contend Section 9.3's forum selection clause was the result of "fraud or overreaching" or a contravention of public policy, nor does Plaintiff argue any grave inconvenience that would result from having a trial in Bonneville County state court. *Yei A. Sun*, 901 F.3d at 1088 (quoting *Bremen*, 407 U.S. at 15). By arguing the incorrect standard of law,[1] Plaintiff (perhaps inadvertently) concedes the "convenience of the parties and strain on the court is nearly identical" in both forums (Dkt. 10 at 7). Plaintiff also suggests having a trial in

---

[1]  Plaintiff also misstates the Supreme Court's holding in *Atlantic Marine* when they quote from the Court's parenthetical to *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (Dkt. 10 at 8). *Atlantic Marine* used the parenthetical as support for the Court's statement that the "residual doctrine of forum non conveniens 'has continuing application in federal courts.'" *Atl. Marine*, 571 U.S. at 60-61.

**MEMORANDUM DECISION AND ORDER - 8**

Bonneville County will not be a grave inconvenience to the parties by pointing out the short distance between the state and federal courthouses (*id*.). Accordingly, Plaintiff has not demonstrated that its case presents exceptional or extraordinary circumstances that undermine the parties' enforceable forum selection clause.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes the text of the forum selection clause requires that Plaintiff bring this action in Bonneville County state court and that Plaintiff has not shown exceptional circumstances justify a departure from enforcing the parties' valid forum selection clause. Accordingly, the Court dismisses Plaintiff's complaint under the doctrine of forum non conveniens because a valid forum selection clause precludes Plaintiff from bringing its case in this Court.

## V.   ORDER

**IT IS ORDERED that:**

1.   Defendant Kano Labs LLC and Kendon Howard's Motion to Dismiss for Forum Non Conveniens (Dkt. 6) is **GRANTED**. Accordingly, the case is **DISMISSED IN ITS ENTIRETY**, and the Clerk of the Court is directed to close this case.

DATED: August 25, 2025

Amanda K. Brailsford
U.S. District Court Judge